UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Petitioner,

vs.                                                       Case No. 12-mc-50117

OMEGA SOLUTIONS, LLC,                    HON. AVERN COHN

    Respondent.
_____/

## ORDER DENYING MOTION TO STAY PENDING APPEAL (Doc. 21)

I.

This is an action to enforce a summons issued by the Internal Revenue Service ("IRS"). The government filed a petition to enforce the summons issued to Omega Solutions, LLC ("Omega"). The summons was issued as part of an investigation into the tax liabilities of another company, Assured Source PEO LLC ("Assured Source") for the tax years of 2008-2010. The petition alleged that Omega had possession of books and records relevant to the investigation of Assured Source. Assured Source was a professional employer organization ("PEO") which provided payroll and other human resource services to business clients. Omega, also a PEO, refused to respond on the grounds that an order entered in state court permanently enjoined it from releasing the information.

Thereafter, Apex HR Services, LLC, People Plus Business Services, LLC, AS Holdings Group, LLC, Pinnacle HR Services, LLC, and AS South LLC (collectively "Apex") moved to permissively intervene and to dismiss the summons. The Court

denied Apex's motion. (Doc. 19). Apex filed a notice of appeal. (Doc. 17). As explained in the order, Apex, another PEO, essentially took over Assured Source's clients, and contracted with Omega for a time to assist Apex in servicing its clients. Apex obtained the state court order against Omega.

The Court also entered an order and judgment enforcing the summons. (Doc. 20).

Before the Court is Apex's motion to stay enforcement of the order and judgment pending appeal.[1] For the reasons that follow, the motion is DENIED.

## II.

### A.

In determining whether to grant a stay, the Court must consider the same four factors considered in deciding a motion for preliminary injunction:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal;
> (2) the likelihood that the moving party will be irreparably harmed absent a stay;
> (3) the prospect that others will be harmed if the court grants the stay; and,
> (4) the public interest in granting the stay.

Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." Id. (citation omitted). Though the factors are the same for both a preliminary injunction and a stay pending

---

[1] Apex says the Court granted the petition "without explanation." See Apex's motion (Doc. 21) at p. 1. This is incorrect. While the Court stated at the hearing on Apex's motion that it was going to deny the motion to intervene and enforce the summons, the Court later entered written orders on both matters. The order denying Apex's motion in particular fully articulates the Court's reasons for finding the summons legitimate and enforceable.

appeal, the balancing process is not identical due to the different procedural postures. Id.  A motion for stay pending appeal is made after significant factual development and after the court has fully considered the merits.  Id.  As a result, a movant seeking a stay pending appeal will have a greater difficulty in demonstrating a likelihood of success on the merits.  A party seeking a stay must demonstrate that "there is a likelihood of reversal."  Id.  This high standard is justified because "there is a reduced probability of error, at least with respect to a court's findings of fact, because the district court had the benefit of a complete record ...." Id.

However, to justify the granting of a stay, a movant need not always establish a high probability of success on the merits.  Ohio ex. rel. Celebrezze, 812 F.2d 288, 290 (6th Cir.1987).  Rather, "[t]he probability of success on the merits that must be shown is inversely proportional to the degree of irreparable injury the plaintiffs will suffer absent the stay."  Id.  This means that a stay may be granted with either a high probability of success on the merits and some irreparable injury, or serious questions going to the merits and "irreparable harm which decidedly outweighs any potential harm to the defendant if a stay is issued."  Id. (citation omitted).  Mere possibility of success on the merits is not sufficient.  Id.

B.

Apex has not met its burden.  First, it has not demonstrated a likely success on the merits.  As the Court explained in denying Apex's motion to intervene, Apex was not entitled to notice of the summons issued in aid of tax collection.  Therefore, it had no ability to challenge its enforcement.  Moreover, as the Court also found, even if Apex was able to challenge the summons, the summons was issued for a proper purpose.

Second, while Apex says its business will be harmed inasmuch as former clients of Assured Source, which are now Apex clients, will be contacted by the IRS, the harm to the IRS is greater.  A stay will continue to delay the IRS's legitimate tax collection efforts.  Both the IRS and the public have an interest in tax collection actions.

    SO ORDERED.


                                  S/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE


Dated:  August 1, 2012


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, August 1, 2012, by electronic and/or ordinary mail.

                                  S/Julie Owens
                                  Case Manager, (313) 234-5160